**NOT FOR PUBLICATION**

MAR 02 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAINEY C., by and through her parents;
MAILE C.; ROMEO C.,

            Plaintiffs - Appellants,

    v.

DEPARTMENT OF EDUCATION,
STATE OF HAWAII,

            Defendant - Appellee.

No. 13-16093

D.C. No. 1:12-cv-00223-SOM-
BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 18, 2015
Honolulu Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

    Lainey C. appeals the district court's order of April 30, 2013, that affirmed

the Administrative Hearing Officer's ("AHO") Findings of Fact, Conclusions of

Law and Decision of March 27, 2012.  We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court held that five of Lainey's arguments, each concerning the inadequacy of her August, 4, 2011, Individualized Education Plan ("IEP"), had not been presented to the AHO and, thus, were not administratively exhausted.[1] This court has held that an argument not raised in an administrative complaint or due process hearing is not exhausted and cannot be raised for the first time on appeal to the district court. *Payne v . Peninsula Sch. Dist.*, 653 F.3d 863, 870 (9th Cir. 2011) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). The district court emphasized Lainey's failure to exhaust these five arguments and allowed Lainey the opportunity to demonstrate where the arguments had been exhausted, which Lainey could not do. Likewise, on appeal to this court, Lainey does not identify where the arguments were presented to the AHO. Thus, the district court did not err in holding that Lainey failed to administratively exhaust these five arguments.

---

[1]The five unexhausted arguments are: (1) Whether the August IEP's academic goals were not based on adequate Present Levels of Educational Performance ("PLEPs"); (2) Whether the August IEP failed to include goals addressing Lainey's behavioral needs, autism, or expressive-receptive language disorder; (3) Whether the August IEP goals were measurable; (4) Whether the lack of clarity concerning who would implement the IEP programs rendered it a denial of a Free Appropriate Public Education; (5) Whether the August IEP team was required to implement a social skills program.

2. The district court did not err in concluding that the Hawaii Department of Education ("DOE") did not violate the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1491 ("IDEA"), by formulating and providing to Lainey the August IEP. Violations of the IDEA can arise in two situations: (1) A school district may fail to comply with the procedures outlined in the IDEA; or (2) The IEP developed by the school district may not be "reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206-07 (1982).

Lainey has not shown that the DOE failed to comply with IDEA procedures when it developed Lainey's IEP. Lainey has not provided any precedent to support the argument that Lainey's parents were denied a meaningful opportunity to participate in the development of her IEP simply because the DOE did not clarify exactly what its offer of 30 minutes per week of social skills training entailed.

Lainey has also not shown that her IEP was not reasonably calculated to address her educational needs. First, Lainey's IEP did not fail to address her socialization needs. Relying on the testimony of a behavioral specialist, both the AHO and the district court determined that Lainey did not require one-to-one aid. Lainey has not shown that this finding of fact is clearly erroneous. *See Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996)*, abrogated in part on other*

3

*grounds by Schaffer v. Weast*, 546 U.S. 49, 56-58 (2005). As to the IEP's socialization goals, Lainey did not exhaust the argument that the August IEP goals were not measurable. Further, it was not clear error to find that her socialization needs were addressed by the goals. Finally, Lainey has not provided citation to any authority that prohibits the DOE from including 30 minutes of social skills training in her August IEP, even though a similar accommodation had been unsuccessful in a prior IEP.

Second, Lainey shows no error concerning her "mainstreaming" in the general education classes at the DOE public school. When analyzing a mainstreaming decision courts are to consider "(1) the educational benefits of placement full-time in a regular class; (2) the non-academic benefits of such placement; (3) the effect [the student has] on the teacher and children in the regular class; and (4) the costs of mainstreaming [the student]." *Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H.,* 14 F.3d 1398, 1404 (9th Cir. 1994). Lainey did not cite to, or provide any analysis of, these factors.

Finally, the district court found that Lainey's sensory needs were addressed by the August IEP. This finding is supported by the record, and Lainey has not shown that it is clearly erroneous.

**AFFIRMED.**

4